BANK OF COMMERCE, Plaintiff-Respondent, V. WAUKESHA COUNTY, Defendant: GINKIDS INVESTMENTS, INC., a/k/a Ginkids Investment, Inc., and others.†

Supreme Court

*No. 76–636. Argued May 2, 1979.—
Decided May 30, 1979.*
(Also reported in 279 N.W.2d 237.)

† Motion for reconsideration denied, without costs, on July 16, 1979.

716

For the appellants there were briefs and oral argument by *Thomas M. Kells,* of Milwaukee.

For the respondent there was a brief by *Earl L. Meixner* and *Petrie, Stocking, Meixner & Zeisig, S.C.,* of Milwaukee, and oral argument by *Earl L. Meixner.*

COFFEY, J.   The plaintiff-respondent, the Bank of Commerce (also referred to as the Bank), commenced this action to quiet title to a 7½ acre undeveloped parcel of real estate located in the city of New Berlin, Waukesha County.  This appeal is from a judgment declar-

ing the Bank the "former owner" of the property, pursuant to a Waukesha County ordinance adopting the provisions of Wis. Stats., sec. 75.35(3). In the statute, a preference is granted to the former owner of the property over any other potential purchasers of land declared tax delinquent. The Bank's "former owner" judgment of January 18, 1977 voids an October 1, 1974 tax deed conveying the property from Waukesha County to the defendant-appellant, Ginkids Investment, Inc. Ginkids, likewise, claims to be the property's former owner under the statute. Burns Builders, Inc. and Neenon Housing Corp., defendants-appellants, claim their property interests in the tax delinquent property through the Ginkids title acquired from the Waukesha County authorities.

On February 13, 1967 the Bank of Commerce acquired a mortgage interest in the property from an assignment of Hope Acres, Inc. which had received the property transfer earlier the same day from Kind Acres, Inc. The court's decision reflects that title to the premises vested in Ginkids Investment, Inc. at a later date, but the record is void of whether this transfer was accomplished by purchase, trade, etc.

It is stipulated that on August 20, 1969 the Bank commenced a mortgage foreclosure action against Ginkids. Some three and one-half years later a judgment of mortgage foreclosure was entered in favor of the Bank on March 12, 1973 in the amount of $51,923.74. Thereafter, on March 22, 1973 the Bank of Commerce paid the delinquent Waukesha County 1968 real estate taxes.

A year later, on the 19th of March, 1974, Waukesha County commenced an action pursuant to Wis. Stats., sec. 75.521 to foreclose the tax lien on the property for the delinquent 1969 taxes. A notice of the tax foreclosure action was sent to the Bank on March 20th and receipt of the notice was acknowledged on the next day.

The notice of the delinquent tax foreclosure action stated that foreclosure could be avoided by payment of the 1969 tax lien plus interest or penalties within the period of redemption, on or before May 31, 1974. The record reflects that Kenneth Johnson, an officer of the Bank, read the notice and placed it in a file, believing the outstanding taxes would be satisfied at the impending sheriff's sale resulting from the Bank's March 12, 1973 judgment of mortgage foreclosure.

The sheriff's sale was held on May 9, 1974. The Bank of Commerce purchased the property at the public auction for $51,923.74 in satisfaction of its mortgage. A representative of Burns Builders, Inc., defendant-appellant, present at the sale, did not participate in the bidding for the property. The tax redemption period expired on May 31, 1974 without either the Bank or Ginkids making an attempt to pay the delinquent taxes and thus redeem the property.

On June 3rd, three days after the expiration of the tax redemption period, the court confirmed the sheriff's sale of the New Berlin real estate to the Bank. On the same day the Bank received and recorded the sheriff's deed of sale from the court dated May 21, 1977.

The Waukesha Circuit Court, on September 30, 1974, directed entry of judgment in favor of Waukesha County pursuant to the foreclosure action for failure to pay the 1969 taxes.

On October 1, 1974, pursuant to Wis. Stats., sec. 75.35 (3), the Waukesha County Clerk of Courts initially determined Ginkids to be the former owner of the property. On the same day, the real estate was sold to Ginkids as the property's former owner, although the $2,664.22 tax lien payment was tendered by Burns Builders, Inc. Later that day, Ginkids recorded the quit claim deed received from Waukesha County. The following day, Ginkids issued a warranty deed conveying the property to Burns Builders, Inc.

The findings of fact reflect that on October 6, 1974 Burns executed a mortgage in the amount of $165,000 to the defendant-appellant, Neenon Housing Corp., covering the subject real estate. The record indicates that the defendant-appellant, Neenon Housing Corp., was not incorporated at the time of the execution of the mortgage on October 6, 1974. It is interesting to note that some 2½ months later, the mortgage of October 6th was recorded.

The Bank gained knowledge of the delinquent tax sale to Ginkids sometime after October 1, 1974. Thereafter, on February 3, 1975 the Bank of Commerce commenced an action to void the quit claim deed to Ginkids Investments, Inc., dated October 1, 1974, and to quiet title to the property. Burns Builders counterclaimed to quiet title in its own name.

On April 8, 1975 the Bank of Commerce tendered a check to the Waukesha County Clerk of Circuit Court in the amount of $2,664.22. This amount represented the money paid by Burns Builders on behalf of Ginkids Investments, Inc. to Waukesha County for the property. The Bank requested that this money be held by the clerk in an escrow account pending the outcome of the action to quiet title.

On January 18, 1977 the trial court reversed the action of the Waukesha County Clerk of Court's office, declaring Ginkids the "former owner" of the property and entered judgment in favor of the Bank, declaring the plaintiff-respondent Bank the property's "former owner" within the meaning and intent of Wis. Stats., sec. 75.35 (3), and the Waukesha County Ordinance (adopted December 18, 1962 by the Waukesha County Board). The judgment thus grants the Bank of Commerce the "former owner" preference and ordered the deed from Waukesha County to Ginkids void. Thus, the judgment dismissed Burns Builders' counterclaim declaring that as Ginkids

successors in title, they did not acquire legal ownership from Ginkids. Additionally, the court found the Neenon-Burns mortgage void for failure of consideration. The judgment directed Waukesha County, pursuant to Wis. Stats., sec. 75.35(3), to issue a deed to the Bank upon the Bank's payment of the tax liability in addition to the reimbursement of Burns Builders, Inc. for any amounts paid to Waukesha County in the Ginkids-Burns transaction.

*Issue:*

Is the Bank the "former owner" of the real estate in question within the meaning and intent of Wis. Stats., sec. 75.35(3) and a Waukesha County ordinance granting preference to former owners in the repurchase of tax deeded lands?

The plaintiff-respondent Bank, as well as the defendant-appellant Ginkids each claim to be the "former owner" of the property subject to Waukesha County's foreclosure of 1969 delinquent tax liens. The Waukesha County Ordinance granting a repurchase preference to former owners of tax deeded lands recites the following:

"SECTION 1. At the option of the County, former owners or surviving spouses or minor children of former owners may be granted the right to repurchase lands to which Waukesha County has taken title through delinquent tax enforcement collection, by payment of (1) all delinquent taxes together with interest thereon to the date of payment, (2) a pro-rata share of the costs of the proceedings, and (3) an additional sum equal to ten percent (10%) of the foregoing total cost. Any sale made under the provisions of this Ordinance shall be exempt from all of the requirements of sec. 75.69 of the Wis. Stats."

The preference accorded by the ordinance, therefore, relies on the language recited in sec. 75.35(3), Stats., which reads:

"Sec. 75.35(3) *Preference to Former Owner to Repurchase.* The governing body of any municipality may, at its option, by ordinance provide that in the sale of tax deeded lands, the former owner who lost his title through delinquent tax collection enforcement procedure, or his heirs, may be given such preference in the right to purchase such lands as such ordinance shall provide. Such ordinance may provide that such sale be exempt from any or all provisions of sec. 75.69. Such ordinance shall not apply to tax deeded lands which have been improved for or dedicated to a public use by such municipality subsequent to its acquisition thereof."

Thus, the ultimate issue controlling the resolution of this case is whether the Bank or Ginkids is "the former owner who lost his title through delinquent tax collection enforcement procedure." However, in order to decide this issue, it is necessary to address two preliminary questions. First, when did the "former owner" lose title to the real estate as a result of the tax lien foreclosure proceedings? Second, when did the Bank of Commerce acquire title to the property by virtue of the mortgage foreclosure proceedings?

The provisions of Wis. Stats., sec. 75.521, control the in rem tax foreclosure action commenced by Waukesha County. This statute in subsec. (3)(a)4 provides that the county may file a petition for judgment vesting title in the county as of the date of entry of judgment. In this case Waukesha County was vested with title in the property as of October 1, 1974. However, Wis. Stats., sec. 75.521(5) further provides that any person having a right, title or interest in the tax delinquent property is barred from that property interest if the tax lien is not satisfied with the specified period of redemption. Wis. Stats., sec. 75.521(5) recites:

"(5) RIGHTS OF PERSONS HAVING AN INTEREST IN PARCELS OF LAND AFFECTED BY TAX LIENS. Every person, including any municipal taxing district other than the one foreclosing, having any right, title

or interest in, or lien upon, any parcel described in such list may redeem such parcel by paying all of the sums mentioned in such list of tax liens together with interest thereon, or such portion thereof as is due for the interest therein or part thereof owned by such person which amount shall be determined by the county treasurer on application, before the expiration of the redemption period mentioned in the notice published pursuant to sub. (6), or may serve a verified answer upon the county treasurer of such county, as provided in sub. (7). The caption of such answer shall contain a reference to the number or numbers of the parcels concerned as shown by the treasurer's list. Such answer must be served on said county treasurer and filed in the office of the clerk of the circuit court within 30 days after the date mentioned in the notice published pursuant to sub. (6), as the last day for redemption. *In the event of the failure to redeem or answer by any person having the right to redeem or answer within the time herein limited, such person, and all persons claiming under and through him, from and after the date of the filing of said list of tax liens with the clerk of the circuit court, shall be forever barred and foreclosed of all his right, title and interest in and to the parcel described in such list of tax liens and a judgment in foreclosure may be taken as herein provided. . . .*" (Emphasis supplied.)

■
Thus, in accordance with the express dictates of Wis. Stats., sec. 75.521(5), as of May 31, 1974 the property's "former owner," either the Bank or Ginkids, lost title by virtue of the tax enforcement procedures instituted by Waukesha County.

■
In claiming their right to the "former owner's" preference, Ginkids argues that controlling case and statutory law establishes that on May 31, 1974 they held record title to the property. In *Gumz v. Chickering,* 19 Wis.2d 625, 633, 121 N.W.2d 279 (1962) the court citing *Gerhardt v. Ellis,* 134 Wis. 191, 196, 114 N.W. 495 (1908) stated the well-established precept that:

". . . the title [to the foreclosed premises] does not pass until confirmation so as to vest the purchaser with the right of possession." *Id.* at 196.

Wis. Stats., sec. 846.17, also recites that a purchaser of property subject to mortgage foreclosure cannot take title in the property prior to the time the sheriff's sale has been judicially confirmed. The statute reads as follows in its relevant portions:

"846.17 **Deed, execution and effect of.** Upon any such sale being made the sheriff or referee making the same, on compliance with its terms, shall make and execute to the purchaser, his assigns or personal representatives, a deed of the premises sold, setting forth each parcel of land sold to him and the sum paid therefor, *which deed, upon confirmation of such sale, shall vest in the purchaser, his assigns or personal representatives, all the right, title and interest of the mortgagor, his heirs, personal representatives and assigns in and to the premises sold and shall be a bar to all claim, right of equity of redemption therein, of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them* subsequent to the filing of the notice of the pendency of the action in which such judgment was rendered; and the purchaser, his heirs or assigns shall be let into the possession of the premises so sold on production of such deed or a duly certified copy thereof, and the court may, if necessary, issue a writ of assistance to deliver such possession. . . ." (Emphasis supplied.)

Therefore, we hold pursuant to the case law and statutory authority reviewed, the Bank did not acquire title in the property until June 3, 1974, the date of the judicial confirmation of the sheriff's sale. Prior to the confirmation of the sale, the Bank's interests in the property was limited to that of a lien holder as recited in *Mutual Fed. Savings & Loan Assoc. v. Wisconsin Wire Works,* 58 Wis.2d 99, 104, 205 N.W.2d 764 (1972) :

"In Wisconsin, a state which follows the lien theory of mortgages, the mortgagee does not have legal title. The full ownership, both equitable and legal, is in the mortgagor, and the interest of the mortgagee is that of a lien holder. The mortgagee is merely the holder of a security interest." *Id.* at 104.

Insofar as the Bank did not have title to the property on May 31, 1974, the date on which the "former owner" of the property lost title through the tax collection enforcement procedures, we hold that Ginkids and not the Bank is the "former owner" of the property within the meaning and intent of Wis. Stats., sec. 75.35(3). Therefore, Ginkids is entitled to the former owner's preference accorded by Wis. Stats., sec. 75.35(3), and the Waukesha County Ordinance.

A strict reading of the relevant statutes compels this result, thus enabling Ginkids to reacquire the property. However, were this case to be decided on the equities, a different conclusion would have been reached. We are disturbed that a closely identified group of investors can allow property, subject to a mortgage, to be placed into mortgage foreclosure proceedings and can later reacquire title to the property free of the mortgage lien. A windfall benefit in favor of the defendants-appellants is created by the statutory scheme of Wis. Stats., sec. 75.35 (3) and sec. 75.521, and it is not the function of this court to rewrite the statutes to avoid this unfair result. We are bound to interpret the statutory language and intent as it is written as we are a court of review that cannot fashion remedies contrary to the express dictates of a statutory enactment.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.