STATE of Wisconsin EX REL. Ernie GARIBAY,
Petitioner,

v.

CIRCUIT COURT FOR KENOSHA COUNTY and the Honor-
able Bruce Schroeder, presiding, Respondents.

Court of Appeals

*No. 02–0952–W. Submitted on petition May 6, 2002.—Decided
May 22, 2002.*

2002 WI App 164

(Also reported in 647 N.W.2d 455.)

On behalf of the petitioner, the cause was submitted on the petition of *Denise Hertz-McGrath* of Kenosha.

On behalf of the respondents, a response was filed by *Bruce E. Schroeder*, Circuit Judge.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. NETTESHEIM, P.J.   In this original action, Ernie Garibay petitions this court for a supervisory writ of prohibition directed to the Circuit Court for Kenosha County, the Honorable Bruce E. Schroeder presiding. Garibay challenges the circuit court's order denying his timely request for a substitution of judge pursuant to

Wis. Stat. § 971.20 (1999–2000).[1] The circuit court denied Garibay's request because Garibay was charged jointly with another defendant, and that defendant, who had not yet been apprehended, did not join Garibay's substitution request. Pursuant to § 971.20(6), "In actions involving more than one defendant, the request for substitution shall be made jointly by all defendants."

¶ 2. The dispositive issue is whether a defendant who is charged jointly with another defendant may obtain substitution of a judge pursuant to Wis. Stat. § 971.20(6) when the codefendant is not yet before the court. We conclude that the language of § 971.20(6) is plain and unambiguous and applies in a multiple defendant action even when a codefendant is unavailable to either join or refuse to join a substitution request. Accordingly, we deny Garibay's petition for supervisory writ.

### BACKGROUND

¶ 3. On February 11, 2002, the State filed separate criminal complaints naming Garibay and Alejandro Ceja as codefendants. The complaint against Garibay alleged conspiracy to commit first-degree sexual assault of a child pursuant to Wis. Stat. §§ 948.02(1) and 939.31. The complaint against Ceja alleged first-degree sexual assault of a child pursuant to § 948.02(1). A warrant was issued for Ceja's arrest and he has never appeared in this action. Garibay,

---

[1] All statutory references are to the 1999–2000 version.

Garibay also requested a stay of proceedings pursuant to Wis. Stat. Rule 809.52. We issued an order on April 10, 2002, granting a stay pending our review of the response to Garibay's petition.

however, did appear and on February 19, 2002, he was bound over for trial. That same day, Garibay filed a motion for substitution of Judge Schroeder, the judge originally assigned to the action, pursuant to Wis. Stat. § 971.20(4).[2] Judge Schroeder denied the motion, stating, "Since Mr. Ceja has not filed such a request, I am required to dishonor the request made on behalf of Mr. Garibay."

¶ 4. On March 6, 2002, Garibay filed a second motion for substitution pursuant to Wis. Stat. § 971.20. Following a hearing, Judge Schroeder again denied the motion. Echoing its earlier ruling, the court noted that: (1) Wis. Stat. § 971.12 permits two or more defendants to be charged in the same complaint if they are alleged to have participated in the same act or transaction constituting one or more crimes;[3] and (2) the legislature made no exception to the requirement that all codefendants must join in a substitution request, even when a codefendant has not yet appeared in the action.[4]

¶ 5. On April 8, 2002, Garibay filed the instant petition seeking a supervisory writ of prohibition from

---

[2] WISCONSIN STAT. § 971.20(4) provides:

SUBSTITUTION OF TRIAL JUDGE ORIGINALLY ASSIGNED. A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment.

[3] WISCONSIN STAT. § 971.12(2) provides:

JOINDER OF DEFENDANTS. Two or more defendants may be charged in the same complaint, information or indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting one or more crimes. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

[4] The court also denied Garibay's alternative motion for severance.

this court against Judge Schroeder pursuant to Wis. Stat. Rule 809.51.[5] Garibay also requested a stay of proceedings pursuant to Wis. Stat. Rule 809.52, and we previously granted this request. We also issued an order requesting the State to file a response to Garibay's petition. However, the State has not provided a response. Instead, we received a response directly from Judge Schroeder. For the reasons below, we deny Garibay's petition for supervisory writ.

## Discussion

¶ 6. The issue in this case turns upon the interpretation and application of Wis. Stat. § 971.20(6). An issue of statutory interpretation presents a question of law, which we review de novo. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998). The aim of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *Id.* If the words of the statute convey the legislative intent, that ends our inquiry. *Id.* However, if the language of the statute is ambiguous or unclear, the court examines the scope, history, context, subject matter, and object of the statute in order to ascertain the intent of the legislature.[6] *Id.* at 256. A statute is ambiguous when it is capable of being under-

---

[5] Prior to bringing this action, Garibay petitioned for a writ of prohibition from the chief judge of Kenosha county, the Honorable Barbara Kluka. Judge Kluka denied the petition on March 20, 2002, based on her determination that Wis. Stat. § 971.20 does not authorize a chief judge to review a denial of a substitution request and that a chief judge does not have authority to entertain a writ of prohibition.

[6] Although Wis. Stat. § 971.20 was enacted by the legislature, the statute originated with the Judicial Council.

stood by reasonably well-informed persons in two or more different senses. *Id.* Whether a statute is ambiguous is a question of law. *State v. Peterson,* 2001 WI App 220, ¶ 13, 247 Wis. 2d 871, 634 N.W.2d 893, *review denied,* 2001 WI 117, 247 Wis. 2d 1036, 635 N.W.2d 784.

¶ 7. The peremptory substitution of judges is governed by WIS. STAT. § 971.20, which provides in relevant part:

> **(1)** DEFINITION. In this section, "action" means all proceedings before a court from the filing of a complaint to final disposition at the trial level.

> **(2)** ONE SUBSTITUTION. In any criminal action, the defendant has a right to only one substitution of a judge, except under sub. (7). The right of substitution shall be exercised as provided in this section.

> . . . .

> **(6)** SUBSTITUTION OF JUDGE IN MULTIPLE DEFENDANT ACTIONS. In actions involving more than one defendant, the request for substitution shall be made jointly by all defendants. If severance has been granted and the right to substitute has not been exercised prior to the granting of severance, the defendant or defendants in each action may request a substitution under this section.

¶ 8. Garibay argues that the State's decision to file a multiple defendant complaint against him should not defeat his statutory right of substitution where the codefendant has absconded or remains at large. Garibay contends that the circuit court's application of WIS. STAT. § 971.20(6) results in a violation of his constitutional rights to due process and equal protection.

¶ 9. We make short work of Garibay's constitutional arguments. There is no constitutional right to

the *peremptory* substitution of a judge. *See State v. Holmes*, 106 Wis. 2d 31, 46, 315 N.W.2d 703 (1982). Rather, the constitution guarantees the right to an unbiased judge, *see id.* at n.12, and the disqualification provisions of Wis. Stat. § 757.19, not the substitution provisions of Wis. Stat. § 971.20, address this constitutional protection. While § 971.20 permits a defendant to request substitution without providing or proving reasons for the request, this right is a matter of legislative grace, not constitutional mandate. As such, the legislature may limit or qualify that right.[7]

¶ 10. On its face, Wis. Stat. § 971.20(6) clearly and unambiguously reveals that the legislature intended to limit or qualify the right of a defendant in a multiple defendant action to obtain a judicial substitution. In such a situation, "the request for substitution shall be made jointly by all defendants." Sec. 971.20(6). In so requiring, the statute envisions situations in which a defendant in a multiple defendant action will not be able to exercise the right of substitution because the conditions attendant to that right cannot be satisfied. For example, when a codefendant does not join in the substitution request, the defendant cannot obtain a substitution of judge.

¶ 11. Garibay argues that Ceja's absence does not permit the application of Wis. Stat. § 971.20(6). However, the statute makes no exception to the requirement set forth in subsec. (6) that all defendants must join in the substitution request. It may not appear fair that

---

[7] Therefore, we register a mild semantic disagreement with Judge Schroeder's contention that Garibay does not have a right of substitution under the facts of this case. Rather, Garibay has the right to substitution, but subject to the conditions and limitations spelled out by the legislature.

Garibay cannot exercise his right of substitution based upon the flight or absence of the codefendant—a situation over which Garibay presumably has no control. But it is not the function of this court to rewrite the statutes to avoid an unfair result, so long as that result is not unconstitutional. *See Bank of Commerce v. Waukesha County*, 89 Wis. 2d 715, 724, 279 N.W.2d 237 (1979). "We are bound to interpret the statutory language and intent as it is written, as we are a court of review that cannot fashion remedies contrary to the express dictates of a statutory enactment." *Id.* We conclude that regardless of the reason for Ceja's failure to join in Garibay's request, the requirements of § 971.20(6) clearly apply to this multiple defendant action.

¶ 12. We have previously stressed the need for strict compliance with the provisions of Wis. Stat. § 971.20 as a means of preventing problems that may result from deviations. *See State v. Austin*, 171 Wis. 2d 251, 257, 490 N.W.2d 780 (Ct. App. 1992). For example, by requiring all defendants in a multiple defendant case to join in a substitution request, the legislature was attempting to address the problems that judicial substitutions sometimes create. If we deviated from the requirements of subsec. (6), we would contribute to the very problems the legislature was attempting to address. Strict adherence to the plain language of Wis. Stat. § 971.20(6) dictates that Garibay is not entitled to the relief he seeks before this court.[8]

---

[8] Judge Schroeder's response also contends that honoring Garibay's request for substitution would eliminate Ceja's right to substitution. But this argument misses the premise of Garibay's argument. Garibay contends that we should not view this case as a multiple defendant action. Instead, Garibay contends that we should view this case as a single defendant

## Conclusion

¶ 13.　We conclude that the circuit court's decision was based upon the clear and unambiguous requirements of WIS. STAT. § 971.20(6). Therefore, the circuit properly denied Garibay's substitution request. We deny Garibay's petition for supervisory writ, and we dissolve our order staying the proceedings in the circuit court.

*By the Court.*—Writ denied.

case in light of Ceja's absence. Viewed in that light, Garibay reasons that WIS. STAT. § 971.20(6) is not implicated, and both he and Ceja have separate and discrete rights to substitution under the statute.

However, our disagreement with Judge Schroeder on this point does not undo the common ground underpinning the ultimate rulings of this court and Judge Schroeder—the State's charging of Garibay as a codefendant required the consent of both defendants to Garibay's substitution request.