Christopher J. KELLER and Amy Keller, Plaintiffs-Appellants,

v.

James R. KRAFT and City of Milwaukee, Defendants-Respondents.

Court of Appeals

*No. 02–3377. Oral argument August 5, 2003.—*
*Decided September 23, 2003.*

2003 WI App 212

(Also reported in 671 N.W.2d 361.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Brian J. Henderson* of *Henderson & Levihn* of Milwaukee. There was oral argument by *Brian J. Henderson*.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Grant F. Langley*, city attorney by *Michael G. Tobin*, assistant city attorney of Milwaukee. There was oral argument by *Michael G. Tobin*.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. WEDEMEYER, P.J.   Christopher J. and Amy Keller appeal from a judgment dismissing their complaint against James R. Kraft and the City of Milwaukee. The Kellers contend that their claim falls into the third exception within the worker's compensation statute, WIS. STAT. § 102.03(2) (2001–02),[1] thus permitting recovery for injuries suffered as a result of an automobile accident between co-employees. They assert the trial court erred in concluding that their claim was barred by the exclusive remedy provisions of the worker's compensation law. Because the facts of this case trigger the third co-employee exception within § 102.03(2), the trial court erred in ruling that the Kellers' complaint was barred by the exclusive remedy provisions of the worker's compensation law. We reverse and remand for further proceedings.

## I. BACKGROUND

¶ 2.   On August 31, 2000, Christopher Keller was driving his personal automobile while on duty as a firefighter with the Milwaukee Fire Department. Keller was en route to a grocery store to purchase supplies for a meal at the firehouse. At the same time, Kraft, who was on duty as a Milwaukee Police officer, was driving a Milwaukee Police Department vehicle. At or near the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

intersection of West Wells Street and James Lovell Street, the two vehicles collided, allegedly as the result of Kraft's negligence. Keller's vehicle was totaled and he suffered personal injuries as a result of the accident. It is undisputed that Keller received worker's compensation benefits from the City of Milwaukee.

¶ 3. On June 7, 2002, the Kellers filed a summons and complaint against Kraft and the City to seek compensation for personal injuries. Kraft and the City filed an answer alleging, among other things, that the worker's compensation law was the exclusive remedy for any injuries resulting from this accident. Kraft and the City filed a motion for summary judgment on that basis. The trial court granted the motion and dismissed the complaint. The Kellers now appeal.

## II. DISCUSSION

■■■

¶ 4. The issue in this case involves the interpretation of the worker's compensation statute and the third exception provided within WIS. STAT. § 102.03(2), relating to suits between co-employees. Accordingly, our review is *de novo. See Stephenson v. Universal Metrics, Inc.*, 2002 WI 30, ¶ 26, 251 Wis. 2d 171, 641 N.W.2d 158. In interpreting statutes, our goal is to ascertain the intent of the legislature, and "[t]he first step in any statutory analysis is to look at the language of the statute." *Hutson v. State of Wis. Personnel Comm'n*, 2003 WI 97, ¶ 49, 263 Wis. 2d 612, 665 N.W.2d 212 (citation omitted). The court must give effect to the plain, ordinary and accepted meaning of that language. *Meier v. Champ's Sport Bar & Grill, Inc.*, 2001 WI 20, ¶ 22, 241 Wis. 2d 605, 623 N.W.2d 94. In order to ascertain legislative intent, we may also examine "the scope, history, context, subject matter, and object of the

statute." *Garibay v. Circuit Court*, 2002 WI App 164, ¶ 6, 256 Wis. 2d 438, 647 N.W.2d 455.

¶ 5. The language of the statute at issue in this case provides:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employee to bring action against any coemployee for an assault intended to cause bodily harm, or against a coemployee for negligent operation of a motor vehicle not owned or leased by the employer, or *against a coemployee of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employees under a collective bargaining agreement or a local ordinance.*

Wis. Stat. § 102.03(2) (emphasis added). In applying the plain language of the statute, we conclude that the statute is unambiguous. The dispute centers on the emphasized language, which we refer to as the third co-employee exception to the exclusive remedy provisions of the worker's compensation law.

¶ 6. It is the Kellers' contention that the third exception removes this claim from the general rule that an employee who receives worker's compensation is precluded from bringing suit against a co-employee. The Kellers contend that the language is clear: the exclusive remedy does not apply to co-employee suits when a local ordinance provides that the employer will indemnify the co-employee from any judgments. Here, the Kellers point out that a local ordinance exists, which will indemnify Kraft for any liability he incurs as a result of any personal injury arising from this case. The ordinance specifically provides:

**3-23. Liability When Sued in Official Capacity.** No officer of any city, no matter how organized, shall be required to file an undertaking, or any other bond required on appeal in any court when such party has been sued in his official capacity, except in actions of quo warranto or any other kind of action involving directly the title to his office, nor shall any city officer be liable for any costs or damages, but cost or damages, if any, shall be awarded against the city.

Section 3-23 of the Milwaukee City Charter. The Kellers contend that this ordinance will indemnify Kraft against any judgment and, therefore, the third exception for co-employees under the worker's compensation statute applies, permitting their suit.

¶ 7.    Kraft and the City argue that the exception does not apply, and that the suit is barred by the exclusive remedy provisions of the worker's compensation law. They contend that the local ordinance was enacted solely to reflect the public employee indemnification requirement of Wis. Stat. § 895.46.[2] They argue that the ordinance does not operate to waive the worker's compensation exclusive remedy provision, and that the purpose of the ordinance is to protect City of

---

[2] Wisconsin Stat. § 895.46 provides, in part:

**State and political subdivisions thereof to pay judgments taken against officers. (1)** (a) If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee. Agents of any department of the state shall be covered by this section while acting within the scope of their agency.

Milwaukee officers from lawsuits, not to encourage fellow employees to sue each other. The trial court agreed with the defendants that the Kellers' lawsuit was barred by the exclusive remedy provisions of the worker's compensation law.

¶ 8.   Our review demonstrates that the trial court erred in reaching such a conclusion. In reaching that holding, we review the history of the worker's compensation law and the exception involved in this matter. *See State v. Peters*, 2003 WI 88, ¶ 34, 263 Wis. 2d 475, 664 N.W.2d 171 (Abrahamson, C.J., concurring) (noting that even when statutory language is clear, we may engage in "a comprehensive view toward discerning legislative intent.")

¶ 9.   Prior to 1978, WIS. STAT. § 102.03(2) did not preclude suits against co-employees. Rather, the section only precluded employees from suing their employer or worker's compensation carrier: "Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the worker's compensation insurance carrier." On January 1, 1978, the statute was amended to read as it appears today—barring suits between co-employees unless one of the three exceptions applies.

¶ 10.   Before the enactment of the 1978 statute, there was substantial discussion concerning the co-employee exception amendment. The Worker's Compensation Advisory Council addressed the amendment repeatedly.[3] The minutes from the council's November 1, 1976 meeting provide in pertinent part:

---

[3] The Worker's Compensation Advisory Council consists of five representative of labor, five of industry, and three non-voting representatives of insurance carriers and a representative from the Department of Workforce Development. The

John Lawton appeared as attorney for AFSCME in opposition to the proposed co-employe exemption from suit. He stated that as far as the union he represented was concerned they had lobbied hard and had obtained through legislation and agreement provisions under which the employing governmental unit would pay any judgment recovered against an employe operating in the scope of his employment. He stated the feeling of the union that to amend the law so that one employe could not sue another would amount to an unfair labor practice.

¶ 11.   The council minutes from the December 13, 1976 meeting state:

Discussion was held on the proposed co-employe exclusion. Mr. Grenell inquired about the possibility of drafting a provision that would limit the co-employe liability but permit recovery against a fellow employe in the event that there were auto or other insurance.

¶ 12.   The January 12, 1977 council minutes indicate:

Gordon Gronnert, Risk Manager for the State of Wisconsin, made a presentation concerning co-employe exemptions and coverage of employes under current insurance policies. Written copies of this statement were distributed to members of the Advisory Council along with copies of the typical co-employe exemptions in liability policies. Mr. Gronnert stated his position in favor of an amendment that would restrict the right to sue fellow employes. He stated that the Legislative Council had endorsed a proposed amendment to Wis-

council also has liaison representatives from the medical community. In 1976, the council began deliberations related to revisions of the worker's compensation law. It met on 19 separate occasions and considered more than 70 proposals for changes in the pre-1978 statute.

consin Statutes s. 895.46 to eliminate liability on the part of state and other employers for payment of judgments on tort claims where the suit was between fellow employes of the same employer and worker's compensation benefits were payable.

¶ 13.   An explanation of a proposed Worker's Compensation Advisory Council bill notes:

A proposed amendment also permits suits against a co-employe where there is liability of a governmental unit to pay judgments against employes under the provisions of Wisconsin Statutes 895.46 or under collective bargaining agreement or ordinance. Public employe unions felt strongly that in many cases they had earned the right to have the judgments paid under collective bargaining agreements and should not be deprived of the benefit of their bargain. The Worker's Compensation Advisory Council was also aware of the fact that the Legislative Council has introduced a bill which would eliminate the liability of the government unit to pay judgments against a co-employe where the person suing was entitled to benefits under the Worker's Compensation Act. The Worker's Compensation Advisory Council felt that this was a policy matter for determination by the Legislature with which it should not interfere.

¶ 14.   Finally, of pivotal importance was a proposed amendment to Wis. Stat. § 895.46(1), 1977 A.B. 378, which would have eliminated the indemnification requirement when worker's compensation benefits have been received:

The state or political subdivision shall not be required to pay the judgment against the officer or employe if the acts complained of were committed against a coemploye and the state or political subdivision is liable for benefits to the coemploye under ch. 102.

452

Significantly, this proposed bill failed passage and never became law.

¶ 15.   Tracking the history of the amendment and issues related to it is helpful in ascertaining the meaning of the third co-employee exception to the exclusive remedy provisions of the worker's compensation law. Having reviewed the plain language, together with the aforementioned documents, we conclude that the third exception at issue here is unambiguous. An employee who receives worker's compensation benefits may also file suit against a co-employee when a governmental unit is obligated to pay judgments against that employee pursuant to a collective bargaining agreement or a local ordinance.

¶ 16.   This was an exception subject to a substantial amount of discussion, including indications from employees who wanted to retain the benefit of what had been bargained for in collective bargaining agreements. Union employees believed that taking away the right to sue a co-employee who causes injury would amount to an unfair labor practice.

¶ 17.   The City suggests that interpreting the statute in this way would be inconsistent with the theory of the worker's compensation act, which assures a smaller but more certain recovery than what might be available in a tort action. We are not convinced. The legislature determined that individuals injured by co-employees in certain circumstances should not be limited to worker's compensation benefits. We are bound to apply the plain language of the statute enacted by the legislature.

¶ 18. As applied to this case, the Kellers are correct in asserting that their co-employee claim is not barred by the exclusive remedy provisions of the worker's compensation law. Rather, the facts here fall squarely into the third co-employee exception, which permits a suit against co-employee Kraft because section 3–23 of the Milwaukee City Charter is an ordinance providing for payment of any judgment against Kraft. Accordingly, the trial court erred in dismissing the Kellers' summons and complaint. We reverse the judgment and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.