¶ 74.
ANNETTE KINGSLAND ZIEGLER, J.
0concurring). I join the opinion of the court because it is written narrowly and tied to the unique circumstances present in this case. However, I write separately to emphasize that a defendant's right to the substitution of his judge under Wis. Stat. § 971.20 "is a matter of legislative grace, not constitutional mandate." State ex rel. Garibay v. Circuit Court for Kenosha Cty., 2002 WI App 164, ¶ 9, 256 Wis. 2d 438, 647 N.W.2d 455. Therefore, the legislature could eliminate § 971.20 *674 entirely if it wished to do so. Although one does have a statutory right to substitution, that right is far from a constitutional right.
f 75. While I join the court's opinion, I do not endorse all of the reasoning present in the cases the court cites. Many of these cases refer to a defendant's "ability to exercise his right of substitution intelligently." Clark v. State, 92 Wis. 2d 617, 628, 286 N.W.2d 344 (1979). When words like "intelligently" exercise are used, that cannot be read to mean that somehow a person needs to affirmatively waive the right to substitution, which is just not the case. In fact, missing the statutory deadline in and of itself results in a relinquishment of the right. There need not be anything particularly "intelligent" about missing that deadline. See, e.g., State v. Naydihor, 2004 WI 43, ¶ 55 n.11, 270 Wis. 2d 585, 678 N.W.2d 220 ("Naydihor . . . attempted to exercise his statutory right to automatic substitution, pursuant to Wis. Stat. § 971.20(5). The motion was denied because it was untimely."); State v. Beaty, 57 Wis. 2d 531, 542, 205 N.W.2d 11 (1973) ("Defendant claims error on the part of the trial court in refusing to grant a motion for substitution of judges. . . . The motion was not timely, and was properly denied."). I would therefore take this opportunity to modify the case law language that could be read to suggest that somehow waiver must be intelligently done and that seems to bestow upon this statutory right a prominence and protections it does not merit. I am nevertheless able to join the court's opinion because it does not weigh in on the correctness of that language.
¶ 76. Ultimately, I agree that under the unusual facts presented, Zimbal is entitled to relief. While Zimbal's later request, in and of itself, would otherwise *675 have been properly denied under the plain terms of Wis. Stat. § 971.20(7), the circuit court had previously directly assured the defendant that it would allow the defendant additional time to request substitution and in fact, specifically denied the defendant's ability to timely file under the statute. The defendant was not allowed to timely file pursuant to the statute because the circuit court postponed addressing that request. But then the circuit court, after the statutory deadline had passed, but still timely under the circuit court's order, denied the defendant's request citing the statute and concluding that it was untimely. Clearly, these are unique facts. Indeed, litigants should be hesitant to cite this case as authority in the future in circumstances not identical to what occurred here. Absent these unique facts, an untimely filing would be just that. It need not be intelligently waived.
¶ 77. For the foregoing reasons, I respectfully concur.