IN RE the MATTER OF the VACATION OF a
PORTION OF CEDAR LAKE LOCATED
CONTIGUOUS TO & BETWEEN LOT 1 OF
the HAZELHURST LAND COMPANY'S
FIRST ADDITION TO MINOCQUA, BEING
PART OF GOVT. LOT 6, SECTION 14, T39N,
R6E, BEING the WEST 126 FEET THEREOF
LYING BETWEEN the ORDINARY
HIGHWATER MARK BETWEEN the
SHORES OF LAKE MINOCQUA & POINT
125.83 FEET EAST THEREOF: Gerald E.
SELK and Judith A. Selk, Appellants,

v.

TOWNSHIP OF MINOCQUA, Respondent.

Court of Appeals

*No. 87-2005. Submitted on briefs February 24, 1988.—Decided
March 8, 1988.*

(Also reported in 422 N.W.2d 889.)

For appellants, there was a brief by *John E. Danner* of *Harrold, Scrobell & Danner, S.C.,* of Minocqua.

For respondent, there was a brief by *John C. Houlihan* of *Ames & Houlihan, Ltd.,* of Minocqua.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Gerald and Judith Selk own property that abuts a strip of land leading to the shore of Lake Minocqua. The strip, dedicated as a street in 1906, was never developed by the Town of Minocqua. The trial court postponed a decision to grant the Selks' petition to vacate the street in order to give the town an opportunity to develop it. It ordered that if a street is not developed by Labor Day, 1988, the petition is

granted.[1] In making its decision, the trial court took notice of the extraordinary public benefit derived from lake access. The sole issue is whether the adjournment to allow a street to be built was an abuse of discretion. We conclude that the court acted within its authority and affirm.

Section 236.43, Stats., provides:

> Parts of a plat dedicated to and accepted by the public for public use may be vacated or altered as follows:
>
> (1) The court may vacate streets or other public ways on a plat if:
>
> (a) The plat was recorded more than 40 years previous to the filing of the application for vacation ...; and
>
> (b) During all that period the areas dedicated for streets or other public ways were not improved as streets or other public ways; and
>
> (c) Those areas are not necessary to reach other platted property; and
>
> (d) All the owners of all the land in the plat ... sought to be vacated have joined in the application ....

The Selks concede that the decision to vacate lies in the trial court's discretion, even though each of the statutory conditions have been met. They contend, however, that the court abused its discretion because it allows future activities to affect the decision. We see no reason to limit the trial court's discretion to former but not future events. The statute does not suggest such a limitation. Generally, the grant of an adjournment during trial is discretionary with the trial court.

[1]Leave to appeal this nonfinal order was granted pursuant to sec. 808.03(2), Stats.

*Hales Corners Savings & Loan v. Kohlmetz,* 36 Wis. 2d 627, 634, 154 N.W.2d 329, 333 (1967).

The Selks, in pursuit of their position, claim that the trial court delegated its authority to the town. As they see it, the town will decide whether vacation occurs when it decides whether to build a street. We disagree. The trial court has already made its decision—it granted the petition unless the town acts within the time specified. Absent either legislative direction or public policy to the contrary, courts should have discretion to adjourn proceedings to accomplish a just result.

The Selks also argue that the trial court erred because it refused to allow evidence of the increased property tax revenues that would result from a vacation. The trial court's decision was based on the value of public access to the lake. Any objective comparison between that intangible benefit and a corresponding tax loss would be speculative. The court could properly reject the offered evidence as not substantially relevant. *See* sec. 904.03, Stats.

*By the Court.*—Order affirmed.