Paul CLOSSER and Gail Ann Closser, Plaintiffs-Respondents,

v.

TOWN OF HARDING, Lincoln County, Wisconsin, Defendant-Appellant.†

Court of Appeals

*No. 96–3086. Submitted on briefs April 2, 1997.—Decided July 31, 1997.*

(Also reported in 569 N.W.2d 338.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard J. Weber* of *Kelley, Weber, Pietz & Slater, S.C.* of Wausau.

On behalf of the plaintiffs-respondent, the cause was submitted on the brief of *Stuart R. Rottier* of *Crooks, Low & Connell, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. The Town of Harding appeals a judgment rendered pursuant to § 236.43(1), STATS., vacating a part of a plat dedicated as a roadway providing lake access. The trial court granted the plaintiffs, the landowners adjacent to the roadway, their application to vacate the dedicated land. The court held that the only improvement on one occasion by the Town in the past forty years was not an improvement as a street, road or other public way and did not provide lake access. On appeal, the Town contends that the trial court erred by: (1) concluding that the plaintiffs had complied with the notice and hearing requirements as a condition precedent to a court order to vacate part of a recorded plat dedicated to public use; (2) concluding that all the owners of all the land in the part of the plat sought to be vacated had "joined in the application for vacation" as required by § 236.43(1)(d), STATS.; (3) finding that any improvements were not those contemplated by the statute; and (4) excluding the videotaped deposition of a DNR warden as evidence at trial.

We conclude: (1) the Town waived the notice and hearing requirements set forth in § 236.40 to .42, STATS., by raising the issue for the first time on appeal; (2) the order in mid-trial joining as a plaintiff an owner adjacent to the disputed land is within the trial court's discretion, § 803.06, STATS.;[1] the Town is not an

---

[1] Section 803.06(1), STATS., provides in part: "Misjoinder of parties is not ground for dismissal of an action. Parties may be

"owner" within the meaning of § 236.43(1)(d), STATS.; (3) the trial court's finding that the only improvement to the land was to provide a "scenic overlook" and not a street, road or public way is not clearly erroneous; and we conclude that § 236.43(1), STATS., permits an order vacating a public dedication intended and accepted as a street, road or public way where the municipality fails to provide improvements for such a purpose; and, finally, (4) the trial court's exclusion from evidence of a videotaped deposition of a DNR warden was a valid exercise of trial court discretion. We therefore affirm the judgment vacating a part of the recorded plat at issue in this case.

Paul and Gail Closser live on a lot adjacent to Alexander Lake in the Town of Harding in Lincoln County. The Clossers' residential lot is part of a plat recorded in 1955 and lies immediately west of the land appearing as a public access roadway to the lake on the recorded map. Although the recorded plat shows a roadway to the lake, it is undisputed that the undeveloped land in question abruptly drops off at the top of a steep grade descending almost vertically to the swampy shoreline, and that the Town has never developed the road to the lake. Due to numerous underground springs and rain runoff along the disputed parcel, part of the Clossers' property has eroded, washing downhill to the shoreline and placing the Closser home near the edge of the cliff.

The Clossers maintained that the roadway had never been improved for any purpose in any way, while the Town maintained that a culvert was placed in the area to allow access to the disputed roadway from

dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms as are just."

another blacktop Town road. The Town board denied the Clossers' request to vacate the dedicated area, advising them that it lacked authority to do so, and suggesting that the proper procedure was to allow a court to rule on the issue.

While the Clossers' initial complaint alleged an abandonment pursuant to § 80.32, STATS., their amended and second amended complaints sought relief in the form of an order to vacate the part of the plat that had not been improved or developed, as provided by § 236.43(1), STATS. These amended complaints alleged, among other things, that the owners of property on both sides of the land sought to be vacated "join in the request" for a vacation of part of the recorded plat. Attached to the amended complaints is Roland Groth's affidavit, stating that he owns a lot adjacent to the proposed Town road and that he was aware of the Clossers' lawsuit seeking to declare the dedicated road vacated and discontinued. When a dispute arose during trial concerning the absence of Groth as a party plaintiff, the court permitted the Clossers to join Groth as a party.

Following a bench trial, the court found that the requirements of § 236.43(1), STATS., were met and granted the request to vacate the land dedicated as a roadway. This statute provides:

> Vacation or alteration of areas dedicated to the public. Parts of a plat dedicated to and accepted by the public for public use may be vacated or altered as follows:
>
> (1) The court may vacate streets, roads or other public ways on a plat if:

(a) The plat was recorded more than 40 years previous to the filing of the application for vacation or alteration; and

(b) During all that period the areas dedicated for streets, roads or other public ways were not improved as streets, roads or other public ways; and

(c) Those areas are not necessary to reach other platted property; and

(d) All the owners of all the land in the plat or part thereof sought to be vacated have joined in the application for vacation.

## NOTICE AND HEARING REQUIREMENTS OF CH. 236, Stats.

We decline to review the initial argument advanced by the Town on appeal. The trial court ruled that the Clossers' amended complaint constituted an "application" for relief under § 236.43(1), STATS. The Town contends on appeal that the amended complaints did not constitute an application, and argue that the plaintiffs were required to comply with the application, notice and hearing provisions of § 236.40–.42, STATS. We do not address this issue because it is raised for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1983) (The appellate court will generally not review an issue raised for the first time on appeal.).

## JOINDER OF THE TOWN AS "OWNER"

The Town also contends that it is an "owner" for purposes of § 236.43(1)(d), STATS., which requires that

all of the owners join in the application for vacation. We disagree. The statute is no model of precision and clarity and, like the proverbial camel, was probably created by committee. However, we agree with the trial court's conclusion that an examination of all of the parts of § 236.43, subsecs.(1) through (4), demonstrate that the legislature did not contemplate the "Town" as an owner within the meaning of subsec. (1)(d)when vacating a street, road or public way. We note that subsec. (2) describes who may apply to vacate land dedicated as a public square and, when subsec. (2) refers to the government entity essential as an applicant seeking to vacate, it refers to "the municipality or Town in which the dedicated land is located." We note that subsec. (3) describes who may apply to vacate land dedicated as a public park or playground, and, when subsec. (3) refers to the government entity essentially as an applicant seeking to vacate, it refers to the "local legislative body of such city, village or town." We note that subsec. (4) describes who may apply to vacate any street, road, alley or public walkway in cities of the 2nd, 3rd or 4th class and, when subsec. (4) refers to the government entity essential to the process of seeking to vacate, it refers to the "governing body" and also to "[t]he owners of all frontage of the lots and lands abutting" the land sought to be vacated.

Thus, in each of subsecs. (2) through (4), the government entity is identified not as "owner," but as a governmental entity. In subsec. (4), the governmental entity of 2nd, 3rd and 4th class cities is identified as the "governing body" separately from the "owners" of the abutting land. Absent any legislative history suggesting a different analysis, it would seem anomalous for the legislature to identify the government in the latter three subsections in express terms, distinguish-

ing "owners" from the government body when appropriate in subsec. (4), and to include the municipality within the meaning of "owner" in subsec. (1). The effect of our ruling does not bar the Town from joining in an application to vacate a public dedication, nor does it prevent the Town from presenting evidence in opposition to the application. It merely provides that the Town does not have veto power when all of the owners of all of the land affected seek a court determination to vacate.

## JOINDER OF GROTH AS A PARTY PLAINTIFF

██

At trial, Groth vacillated in his testimony regarding his "joinder" in the Clossers' request for a vacation of the dedicated parcel. He eventually advised the court that he agreed with the Clossers' amended complaint seeking vacation, and the trial court ruled that the amended complaint, coupled with Groth's testimony, satisfied the statutory requirement.[2] To the extent

---

[2] The parties provide the following excerpts from Groth's trial testimony:

Q. You didn't go to anybody and say I want you to petition the Court or anybody else to have this property vacated, did you?

A. No.

Q. The Clossers did all that, didn't they?

A. I didn't ask anybody to—I didn't ask anybody to vacate anything or agree with me to vacate anything.

---

Q. Are you agreeing in open court today that that Town road should be abandoned?

A. Yes.

---

Q. Didn't you tell us, sir, that you were neutral in the lawsuit, that you weren't taking sides?

that Groth's testimony was ambiguous concerning his intent to join the Clossers in their request, this is merely a factual question of conflicting inferences the trial court resolved in favor of the Clossers. Questions of credibility and the weight of testimony is for the trial court. *Leciejewski v. Sedlak,* 116 Wis. 2d 629, 637, 342 N.W.2d 734, 738 (1984). The court's finding was not clearly erroneous. Section 805.17(2), STATS.

██

The trial court indicated that absent any prejudice to the Town, Groth could be joined as a party plaintiff. Section 803.06 (1), STATS., provides in part: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Because the Town does not advance any claim of prejudice by the mid-trial joinder in this case, we uphold the trial court's discretionary decision.

### EVIDENCE OF IMPROVEMENTS TO THE PLATTED LAND

Next, the Town alleges a failure to comply with § 236.43(1)(b), STATS.: "During all that period [the

---

A. No.

---

Q. You told us earlier that you agreed to have the property abandoned?

A. Right.

Q. Do you still agree with that?

A. Right.

Q. Are you asking the Judge to do that?

A. Right.

period for more than 40 years previous to the filing of the application for vacation] the areas dedicated for streets, roads or other public ways were not improved as streets, roads or other public ways . . . ."

We first address the Classers' argument that the Town "admitted" to the absence of improvements, referring to the Town's memorandum accompanying the Town's motion to dismiss the Classers' original complaint. If the Classers mean to argue judicial estoppel, the argument fails. Judicial estoppel is not directed to the relationship between the parties, but is intended to protect the judiciary as an institution from the perversion of judicial machinery. *State v. Petty,* 201 Wis. 2d 337, 346, 548 N.W.2d 817, 820 (1996). The rule looks toward a cold manipulation and not an unthinking or confused blunder. It is not applied where the assertion is made by inadvertence or mistake. *Id.* at 347, 548 N.W.2d at 820. Whether the elements are met and the doctrine is to be invoked is a question of law this court decides independently. *Id.* We decide that the doctrine should not be applied here.

The memo was filed by the Town in support of its motion to dismiss the Classers' original complaint, which had alleged an abandonment of the road under § 80.32, STATS. The Town argued that *Heise v. Village of Pewaukee,* 92 Wis. 2d 333, 285 N.W.2d 859 (1979), prevented application of that statute to declare an abandonment under the circumstances presented and, in so arguing, the Town stated in its trial brief: "It is undisputed that no part of the town road has ever been laid out, opened, traveled or worked and no highway funds have ever been expended on any part of the roadway . . . since it was established in 1955."

The Closers did not raise the judicial estoppel issue in the trial court. In light of the minimal evidence, *if any*, later developed at trial tending to show that the Town had improved the road in question, we decline to declare the record sufficient to invoke judicial estoppel.

We therefore turn to the merits of the issue of improvements. The trial court concluded that § 236.43(1)(b), STATS., contemplated improvements intended "*as* streets, roads or other public ways" (emphasis added), means improvements consistent with such a purpose, and that the Town's isolated improvement to allow for a scenic overlook did not qualify. We agree. A public overlook is akin to a public park or recreational area, but it is not a street, road or public way. The statute does not prevent an order to vacate where the land is improved as a park or overlook, but not as a street.

Whether a statute is ambiguous is a question of law. *Sonnenburg v. Grohskopf,* 144 Wis. 2d 62, 65, 422 N.W.2d 925, 926 (Ct. App. 1988). A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two ways. *Robinson v. Kunach,* 76 Wis. 2d 436, 444, 251 N.W.2d 449, 452 (1977). The cardinal rule in construction of statutes is to ascertain and give effect to the legislative intent. *State v. Martin,* 162 Wis. 2d 883, 893, 470 N.W.2d 900, 904 (1991). The construction of an ambiguous statute presents a question of law that we review de novo. *Barth v. Board of Educ.,* 108 Wis. 2d 511, 517, 322 N.W.2d 694, 697 (Ct. App. 1982). We conclude that the statute's reference to improvements

"as streets, roads or other public ways" is not ambiguous.

The trial court found that the land was not improved as a street, road or public way to the lake, as intended by the subdivider and as accepted by the Town.[3] The court made these findings:

9. The majority of improvements to the proposed Town road have been made by citizens and most notably by the plaintiffs and their predecessors in title. The Court acknowledges that the Town has installed a culvert and possibly some gravel over the culvert area.

10. These minimal improvements do not create an access to Lake Alexander.

11. The Town's intention with respect to a scenic overlook or public park does not provide public access to Lake Alexander, by footpath or otherwise. Any improvement to the Town road has not been made as either a street or other "public way".

12. The Town of Harding has no plans to spend any money on any improvements that would provide access.

---

[3] The original owner's intent is relevant to determine whether the plat was dedicated as a street or was meant to serve some other public purpose. "The essential requisites of a valid common-law dedication are that there must be an intent to dedicate on the part of the owner, and an acceptance of the dedication by the proper public authorities, or by general public user." *Gogolewski v. Gust*, 16 Wis. 2d 510, 514, 114 N.W.2d 776, 779 (1962) (quoting *Galewski v. Noe*, 266 Wis. 7, 12, 62 N.W.2d 703, 706 (1954)). Where the owner has dedicated land for a street, the municipality may not appropriate it for other uses. 11A McQUILLIN, *Municipal Corporations* § 33.74 (3d ed. 1991). "Land dedicated for a street cannot be used . . . as a park or public square." *Id.* (Footnotes omitted.)

13. During the last 40 years, the area was not improved as a "public way" for the benefit of the general public.

The "road" at issue still ends precipitously at a steep cliff dropping to the lakeshore. According to the trial court's findings, apart from the single occasion where a culvert was installed, the only other improvement of the area was accomplished not by the Town of Harding but by the Clossers and their predecessors in title.

Also, the trial court made this finding respecting the purpose of the subdivider:

> This particular strip was dedicated as a road and it is quite obvious to the Court it was dedicated as a road to provide access down to the river or Lake Alexander and that undoubtedly was done in order to fulfill the requirement that provided for every half mile or whatever it is there was to be 50 feet access to the public.

This finding concerning the subdivider's intent to dedicate a road and not an overlook, and the Town's acceptance of such a dedication, is not clearly erroneous, especially when we take notice of the provisions of § 236.16(3), STATS., 1955, in effect at the time:

> Lake and Stream Shore Plats. All subdivisions abutting a lake or stream shall provide highways at least 60 feet wide providing access to the low water mark so that there will be highways at not more than 1/2 mile intervals as measured along the lake or stream shore unless topography and ground conditions do not permit.

The parties do not discuss this statute, nor do they discuss the present version of § 236.16(3), which provides:

> Lake and Stream Shore Plats. All subdivisions abutting on a navigable lake or stream shall provide public access at least 60 feet wide providing access to the low watermark so that there will be public access, which is connected to existing public roads, at not more than one-half mile intervals as measured along the lake or stream shore except where greater intervals and wider access is agreed upon by the department of natural resources and the department [of commerce], and excluding shore areas where public parks or open-space streets or roads on either side of a stream are provided. No public access established under this chapter may be vacated except by circuit court action. *This subsection does not require any local unit of government to improve land provided for public access.* (Emphasis added.)

The italicized sentence of the current statute only comes into play if the statute is given retrospective effect. The language was adopted by ch. 248, § 9, Laws of 1979. The provision only applies to plats submitted for approval on or after the effective date of the Act, six months after publication, in 1980.

The Town relies upon *In re Application of K.G.R. Partnership,* 187 Wis. 2d 375, 523 N.W.2d 120 (Ct. App. 1994), for the proposition that minimal improvements bar an order to vacate. We agree with the Clossers that this case is inapposite. *K.G.R.* affirmed a trial court's denial of a petition to vacate part of a plat dedicated as a public access to Lake Beulah in Walworth County. *Id.* at 379–80, 523 N.W.2d at 121. The township expended

resources to improve the dedicated portion of the street in question for public use as a walkway to the lake. It was not traversable by car. That case merely holds that a road to the lake for foot traffic only is still a "street" or "public way." It does not address the question of improvements for a scenic overlook or park. *K.G.R.* described what it was deciding: "We must decide whether the improvement of the fifty-foot strip of land as a public access to Lake Beulah meets the requirements of § 236.43, the spirit of the plat and the intent of the original landowner." *Id.* at 382, 523 N.W.2d at 121.

Finally, we reject the Town's argument with regard to the court's refusal to view the DNR warden's videotaped deposition. The Town contends that the court erred by ruling that the testimony was cumulative to that offered by Town officials. We have reviewed the warden's testimony contained in a transcript of the video deposition. We conclude that if the court erred by refusing to consider the testimony, it was harmless error.

The Town contends that the warden's testimony was particularly crucial on the issue of what constitutes an "improvement" to the type of property at issue. In furtherance of this argument, the Town contends:

> For example, in his deposition, he testified that this type of lake access property is known as a "low intensity access site." He explained that a low intensity site is one in which the development and/or improvements apply techniques which are more natural to the area and which still allow the public to make use of the property. He stated that rather than going in with a backhoe and digging out some ground and doing a lot of bulldozing and grading and making a big blacktop parking lot out of the area, the Department had a number of sites around

the state, similar to this one, where there is nothing more than a single trail that leads from a town road or other access site back into the lake front. Once you get there you have a few logs that are arranged in such a way that you could skid a canoe or small craft down into the water.

This testimony from the warden does not speak to the issue regarding access. In this case, there is no "single trail that leads from a town road . . . into the lake front." The unrefuted evidence demonstrates that access to the lake is effectively barred by a deep incline to the shoreline, which is covered with several feet of muck caused by the runoff.

The Town points to other testimony offered by the warden that access could be supplied by some sort of stairway arrangement down to the lake. The problem with this proposal is that the Town gave no indication of a present or even a future intent to provide development. The court expressly found the Town has no plans to provide a road to the lake.

Had the Town sought an adjournment to demonstrate its intent to provide access to the lake, the trial court had the discretion to grant it. *Selk v. Township of Minocqua,* 143 Wis. 2d 845, 422 N.W.2d 889 (Ct. App. 1988). In that case, in a proceeding to vacate land dedicated as a street leading to Lake Minocqua in 1906 but never developed, the trial court did not erroneously exercise its discretion by adjourning to allow the town a specified time in which to develop the land for "the extraordinary public benefit derived from lake access." *Id.* at 847, 422 N.W.2d at 889. Here, no request was made to allow time for the access discussed by the warden. We conclude that the court's refusal to consider the warden's testimony would not have changed

the outcome and constituted harmless error, if error at all.

*By the Court.*—Judgment affirmed.