Christopher J. KELLER and Amy Keller,
Plaintiffs-Respondents,

v.

James R. KRAFT and City of Milwaukee,
Defendants-Appellants.

Court of Appeals

*No. 2004AP1315. Submitted on briefs March 1, 2005.
—Decided April 12, 2005.*

2005 WI App 102

(Also reported in 698 N.W.2d 843.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Grant F. Langley*, city attorney by *Michael G. Tobin*, assistant city attorney, Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Brian J. Henderson*, Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. WEDEMEYER, P.J.   James R. Kraft and the City of Milwaukee appeal from an order denying their motion seeking summary judgment.[1] Kraft and the City claim that the trial court should have granted summary judgment because the Kellers' case is barred by the exclusive remedy provision(s) of the worker's compen-

---

[1] Kraft and the City filed a petition for leave to appeal from a nonfinal order, which this court granted on June 21, 2004.

sation law. Because we agree with Kraft and the City, we reverse the trial court's order and remand with directions to the trial court to grant judgment dismissing the Kellers' complaint.

## BACKGROUND

¶ 2. This is the second time this case has been before us. The pertinent facts are set forth in our decision following the first appeal. *See Keller v. Kraft*, 2003 WI App 212, ¶¶ 2–3, 267 Wis. 2d 444, 671 N.W.2d 361. In sum, while driving his vehicle, Christopher Keller, a firefighter for the Milwaukee Fire Department, collided with Kraft, a police officer for the City of Milwaukee. Both parties were on duty at the time. Keller suffered personal injuries as a result of the accident and received worker's compensation benefits from the City of Milwaukee. Approximately two years after the accident, Keller filed suit against Kraft and the City seeking additional compensation.

¶ 3. Kraft and the City filed a motion for summary judgment on the basis that the Worker's Compensation Act was Keller's exclusive remedy because Kraft and Keller were both City of Milwaukee employees. Keller contended that his case fell under the third coemployee exception provided in Wis. Stat. § 102.03(2) (2003–04),[2] which permits an employee to file suit "against a coemployee of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employees under a collective bargaining agreement or a local ordinance." *Id.* Keller proffered section 3–23 of the Milwaukee City

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Charter[3] as a local ordinance satisfying the requisites of the exception contained in § 102.03(2). The City's response was that this local ordinance did not apply because it was enacted solely to reflect the public employee indemnification requirement of WIS. STAT. § 895.46.[4] The trial court ruled in favor of Kraft and the City, and dismissed the Kellers' complaint. The Kellers appealed to this court.

¶ 4. During the course of the first appeal, and at oral argument, the City maintained that "ordinance section 3–23" did not apply. This court disagreed with the City's argument. In the first appeal on this matter, we reversed the trial court's grant of summary judgment and remanded for further proceedings, ruling that the Kellers' case was not barred by the exclusive

---

[3] This section states:

**3–23. Liability When Sued in Official Capacity.** No officer of any city, no matter how organized, shall be required to file an undertaking, or any other bond required on appeal in any court when such party has been sued in his official capacity, except in actions of quo warranto or any other kind of action involving directly the title to his office, nor shall any city officer be liable for any costs or damages, but costs or damages, if any, shall be awarded against the city.

[4] WISCONSIN STAT. § 895.46 provides, in part:

**State and political subdivisions thereof to pay judgments taken against officers. (1)** (a) If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee. Agents of any department of the state shall be covered by this section while acting within the scope of their agency.

remedy of the worker's compensation law because a local ordinance—section 3–23 of the Milwaukee City Charter—existed, such that the third coemployee exception of WIS. STAT. § 102.03(2) permitted the lawsuit. *See Keller* I, 267 Wis. 2d 444, ¶ 18. On remand, the City filed a second motion for summary judgment, arguing to the trial court for the first time that section 3–23 of the Milwaukee City Charter was *not* a local ordinance as that term is used in § 102.03(2). The City filed documentation in support of its motion demonstrating that section 3–23 was a Wisconsin session law that appeared in the Milwaukee City Charter only because it is a law that affects the City. The supporting documentation revealed that this session law was never adopted by the Milwaukee Common Council as an ordinance of the City of Milwaukee. The trial court denied the motion, ruling that "as a matter of law . . . 3–23 does appear to fit the ordinance requirements as set forth in the exception under [§] 102.03(2)." The trial court, in part, relied on the *Keller* I case from this court, which referred to section 3–23 as a "local ordinance." Kraft and the City appeal from the trial court's order.

## DISCUSSION

¶ 5. In *Keller* I, we did not address the issue presented in the instant appeal—whether section 3–23 of the Milwaukee City Charter is actually an *ordinance*. We did not address this issue because it was presumed by all parties that section 3–23 was in fact an *ordinance*. Subsequent to our decision in *Keller* I, the City conducted additional research investigating the history of section 3–23. As a result of the information discovered, the City filed a motion for summary judgment with the trial court. The City contended that its newly discov-

ered documentation demonstrated that section 3–23 was not actually an ordinance, but rather a session law. Accordingly, the City argued that section 3–23 did not satisfy the requisite of the third coemployee exception of the worker's compensation law, WIS. STAT. § 102.03(2) and, therefore, the Kellers' lawsuit was barred by the exclusive remedy provision(s) of the worker's compensation law. The trial court rejected the City's argument and denied its motion seeking summary judgment. We hold that the trial court erred, reverse the trial court's order, and remand with directions to the trial court to grant the City's motion seeking summary judgment.

¶ 6.   This case comes to us after an unsuccessful summary judgment motion. Our review of a summary judgment decision is *de novo*. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). This appeal turns on the interpretation of section 3–23 of the Milwaukee City Charter, which is also a question of law requiring our independent review. *See generally Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978–79, 542 N.W.2d 148 (1996). Although this case does not involve the actual interpretation of the meaning of section 3–23, it involves the classification or characterization of section 3–23. This does not involve a dispute of factual questions. Rather, it involves the interpretation of undisputed facts and the application of legal principles. *Bantz v. Montgomery Estates, Inc.*, 163 Wis. 2d 973, 978, 473 N.W.2d 506 (Ct. App. 1991).

¶ 7.   The undisputed facts in this case are as follows. Section 3–23 was enacted by the Wisconsin Legislature as sec. 925–269m in 1913. It was then reprinted in the three-ring binder that includes the Milwaukee City Charter because it is a state law that

affects city government.[5] It was issued number 3–23 as part of the numbering and reorganization of the Charter. Since first printing, section 3–23 has always been identified as a session law, as are the many other session laws also contained in the Milwaukee City Charter.

██

¶ 8.   It has never been voted on by the Milwaukee Common Council. It has never been "entered or recorded in any ordinance or record book," pursuant to WIS. STAT. § 889.04. The Kellers contend that its inclusion for years in the three-ring binder satisfies the requisite under § 889.04 that any matter "entered or recorded in any ordinance or record book" after three years from the date of such publication shall be conclusive proof of its adoption. We disagree. In order for a *charter* ordinance to be "entered or recorded," the procedures of WIS. STAT. § 66.0101 must be followed, which include a two-thirds vote of approval by the common council, publication of notices, filing of a certified copy with the secretary of state, and a sixty-day waiting period to allow a referendum petition to be filed. In order for a matter to be "entered or recorded" as a *local* ordinance, the provisions of section 4–06 of the Milwaukee City Charter must be followed, which include passage by an affirmative vote of the majority of

---

[5] The City is authorized by the Wisconsin Legislature to print in book form any state session laws affecting the City:

> 4–29. **Publication of Laws. 1.** The common council of the city of Milwaukee [is] hereby authorized to cause this act [ch. 184, L. 1874], together with any other acts or parts of acts of the legislature of Wisconsin relating to it, affecting said city . . . to be printed and published in book form, and such book shall be deemed prima facie evidence of the contents and passage, and shall be a sufficient publication of all such acts . . . .

the common council, signature by the attesting officers, certification by the city clerk, and publication in the official newspaper. It is undisputed that none of the requirements for either a charter ordinance or local ordinance have been met with respect to section 3–23. Thus, § 889.04 does not apply to this case.

¶ 9.　Further, section 3–23 is not contained in the three-volume set published as the "Milwaukee Code of Ordinances." Rather, it is contained in a single three-ring binder, titled the "Milwaukee City Charter." Within that binder, the prefatory remarks note that the Charter contains session laws, and section 3–23 is denominated as such in a parenthetical that follows the individual section itself.[6] The record also contains an affidavit from the director of the Legislative Reference Bureau, who attests that section 3–23 is a session law and not an ordinance. There is no evidence disputing the director's attestation. All of the undisputed facts support the City's position that section 3–23 has never been adopted as an ordinance by the City of Milwaukee. Rather, since its inception in 1913, it has always been a session law passed by the state legislature. Based on the foregoing, we can reach but one conclusion—that section 3–23 is not a local ordinance. Accordingly, if no local ordinance exists, then the third coemployee exception of the worker's compensation law does not apply to this case. Consequently, the Kellers' complaint is barred by the exclusive remedy provision(s) of the worker's compensation law.

---

[6] The "Forward" to the Milwaukee City Charter explains that the three-ring binder which contains the city charter also contains session laws. It further states that the session laws have been adopted by the state legislature and affect the city, but are not printed in the Wisconsin Statutes.

¶ 10. The Kellers also argue that because the City did not raise the issue of the classification or characterization of section 3–23 prior to the resolution of the first appeal, it is judicially estopped from making this argument now. Although this court can understand the Kellers' frustration with the City's failure to proffer the documentation during *Keller* I that it presents now, we cannot conclude that judicial estoppel applies to this case. Judicial estoppel does not apply when a party takes the first position as a result of inadvertence or mistake. *Closser v. Town of Harding*, 212 Wis. 2d 561, 572, 569 N.W.2d 338 (Ct. App. 1997). The record demonstrates that the City's failure to assert the true classification or characterization of section 3–23 was the result of inadvertence or mistake. The City, like this court in *Keller* I, mistakenly presumed that section 3–23 was a local ordinance. Upon closer examination, that presumption was incorrect. Section 3–23 was never adopted by the local governing body and, therefore, as a matter of law, cannot constitute a local ordinance. Rather, the undisputed history of this section reveals that section 3–23 is a session law, and was never adopted as a local or charter ordinance.[7] Based on the foregoing, we reject the Kellers' request to estop the City from raising the issue presented in this appeal.

---

[7] The Kellers also contend that the City has the authority to remove section 3–23 from the city charter and, as a result, it would no longer affect the City. Although the City could physically remove this section from the three-ring binder, it does not have the power to repeal its effect. Rather, the power to repeal session laws belongs to the state legislature.

CONCLUSION

¶ 11. In sum, we conclude that the undisputed evidence demonstrates that section 3–23 was never adopted by the common council or any other local legislative body as an ordinance. Rather, it was reprinted in the Milwaukee City Charter because it was a session law that affects the City. Since 1913, section 3–23 existed as a session law passed by the Wisconsin State Legislature. As such, it does not constitute a "local ordinance" as that term is used in Wis. Stat. § 102.03(2). Therefore, the third coemployee exception to the exclusive remedy provision(s) of the worker's compensation law is inapplicable to this case.

¶ 12. Accordingly, the Kellers' complaint is barred by the exclusive remedy provision(s) of the worker's compensation law. The trial court's order to the contrary is hereby reversed and this matter is remanded to the trial court with directions to grant judgment in favor of Kraft and the City, dismissing the Kellers' complaint against them.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 13. FINE, J. (*dissenting*). Although I agree that § 3–23 of the Milwaukee City Charter is not an ordinance within the meaning of Wis. Stat. § 102.03(2), I respectfully dissent for two reasons. First, in my view, the institutional interest that finality attend judicial proceedings is not, in this case, overcome by interests of fairness. Second, I do not believe that we have the power to overrule our earlier decision in this case.

**I.**

¶ 14. I agree with the Majority that § 3–23 of the Milwaukee City Charter is not a City of Milwaukee

794

ordinance for the reasons ably expressed in the Majority opinion and, also, because § 925–6a of the Statutes of 1921, reprinted as § 4–02 of the Milwaukee City Charter, specifically says so:

> No city of the first class ... shall hereafter in any manner be deemed to be operating under the provisions of Sections 925–2 to 925–294, both inclusive, unless said city shall specifically elect to come under the said sections in the manner prescribed by Sections 925–2 to 925–6, inclusive, or unless any of said sections shall contain an express provision declaring it to be applicable to cities operating under special charter, provided, however, that the term "all cities" in the general charter statute shall not be deemed to be such an express provision.

As the Majority points out, § 3–23 of the Milwaukee City Charter is merely a reprinting of § 925–269m of the Statutes of 1919, and is of general applicability:

> No officer of any city, no matter how organized, shall be required to file an undertaking, or any other bond required on appeal in any court when such party has been sued in his official capacity, except in actions of quo warranto or any other kind of action involving directly the title to his office, nor shall any city officer be liable for any costs or damages, but costs or damages, if any, shall be awarded against the city.

Accordingly, by express direction of the legislature, the City of Milwaukee (a "1st class" city, WIS. STAT. § 62.05(1)(a)) is not bound by § 925–269m because it did not "specifically elect to come under" the provision.

## II.

¶ 15.  As the Majority notes, after we issued our earlier opinion in this case, *Keller v. Kraft*, 2003 WI App 212, 267 Wis. 2d 444, 671 N.W.2d 361, the City sought

reconsideration from us, which we denied. It then brought another motion for summary judgment before the trial court, making the argument it makes on this appeal. The trial court denied the City's motions, essentially saying that the City had its chance during the first go-round and dropped the ball, and that it would have to live with the result. I agree.

## A.

¶ 16. A trial court presented with a motion for reconsideration must balance the dual interests of "finality and fairness." *Teubel v. Prime Dev., Inc.*, 2002 WI App 26, ¶ 19, 249 Wis. 2d 743, 755, 641 N.W.2d 461, 466. Although Wisconsin abandoned in 1929 its previously long-standing view that the law-of-the-case precluded re-examination of an allegedly erroneous legal analysis, there must be "cogent, substantial, and proper reasons," for taking a second look. *McGovern v. Eckhart*, 200 Wis. 64, 72–78, 277 N.W. 300, 303–305 (1929). Thus, although we must always have our eyes on the elusive goal of justice, "a motion for reconsideration is not a vehicle for making new arguments or submitting new evidentiary materials." *Lynch v. Crossroads Counseling Ctr., Inc.*, 2004 WI App 114, ¶ 23, 275 Wis. 2d 171, 187, 684 N.W.2d 141, 148. The only reason asserted by the City for not originally making the argument it makes now is that it did what the Majority calls "additional research," Majority, ¶ 5, after our earlier decision, which was issued *after oral argument*. In my view, "additional research" is not the kind of showing that must be made before the law-of-the-case will give way to a re-analysis, especially by a governmental litigant, which should know the arcana under which it operates. Any other rule guts needed finality. Moreover, we hold

796

defendants in criminal cases to that standard, *State v. Lo*, 2003 WI 107, ¶¶ 2–4, 14–49, 264 Wis. 2d 1, 4–5, 8–24, 665 N.W.2d 756, 757–758, 758–767 (" 'we need finality in our litigation' ") (quoted source omitted), even if they are *pro se, see State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 576 N.W.2d 84 (Ct. App. 1998) (challenge to revocation of parole), and I see no reason to be more lax with civil litigants. So, for that reason, I would affirm the trial court's denial of the City's second motion for summary judgment.

### B.

¶ 17.   There is a second reason why, in my view, we must affirm. We held in *Keller* that § 3–23 of the Milwaukee City Charter was an "ordinance" as that word is used in Wis. Stat. § 102.03(2). *Keller*, 2003 WI App 212, ¶¶ 6, 18, 267 Wis. 2d at 448–449, 454, 671 N.W.2d at 363, 366. The Majority overrules that holding. We may not overrule a published decision of our court, even one that this panel issued less than two years earlier. *See Cook v. Cook*, 208 Wis. 2d 166, 189–190, 560 N.W.2d 246, 256 (1997).

¶ 18.   I would affirm and thus respectfully dissent.