Gregory FLORES and Rita Flores,
Plaintiffs-Appellants,†

CITY OF MILWAUKEE and
United Healthcare of Wisconsin, Inc.,
a/k/a United HealthCare Insurance Company,
Subrogated-Plaintiffs-Respondents,

v.

John GOEMAN and
American Family Mutual Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 2012AP2272. Submitted on briefs June 4, 2013.
—Decided August 6, 2013.*

2013 WI App 110

(Also reported in 350 N.W.2d 454.)

† Petition for Review Filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *D. Michael Guerin, Christopher L. Strohbehn* and *Kathryn A. Keppel* of *Gimbel, Gimbel, Guerin & Brown, LLP* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Grant F. Langley*, city attorney by *Maurita Houren*, assistant city attorney of Milwaukee.

Before Fine, Kessler and Brennan, JJ.

¶ 1. KESSLER, J. Gregory and Rita Flores (the Floreses) appeal a circuit court order granting summary judgment for John Goeman and the City of Milwaukee. Because the circuit court correctly determined that worker's compensation was the Floreses' exclusive remedy for a work-related injury, and that the

coemployee exception to WIS. STAT. § 102.03(2) (2011–12)[1] does not apply to the Floreses' claims, we affirm.

## BACKGROUND

¶ 2. On August 27, 2009, Gregory Flores, a Milwaukee police sergeant, was making an arrest while in the line of duty. Goeman, a fellow officer, arrived for backup. Goeman inadvertently failed to put his squad car in "park," causing the vehicle to roll forward and hit Flores, pinning Flores between two cars. It is undisputed that Flores sustained multiple injuries as a result of Goeman's error. Flores received worker's compensation for his injuries.

¶ 3. On January 26, 2011, the Floreses commenced the action underlying this appeal against Goeman and his insurer, American Family Mutual Insurance Co. Goeman filed a motion to dismiss, arguing that the Floreses' claims were barred by the exclusive remedy provision of WIS. STAT. § 102.03(2). The Floreses' voluntarily dismissed Goeman without prejudice from their lawsuit, but later amended their complaint, again naming Goeman as a defendant. The Floreses also named the City of Milwaukee and United HealthCare of Wisconsin as subrogated plaintiffs.

¶ 4. Goeman filed for summary judgment, again arguing that because Flores and Goeman are coemployees of the City of Milwaukee, the Floreses' claims were barred by the exclusive remedy provision of WIS. STAT. § 102.03(2). The Floreses moved for partial summary judgment against Goeman and the City, arguing that pursuant to the City's collective bargaining agreement

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

457

with Goeman's union, the City agreed to indemnify Goeman for lawsuits brought against him by coemployees and waived the exclusive remedy provision of § 102.03(2). The Floreses also moved for partial summary judgment on the grounds that the City's failure to respond to requests to admit or deny whether it (the City) agreed to undertake liability for coemployee lawsuits in the collective bargaining agreement (the CBA) entitled the Floreses to summary judgment. The City filed a motion to withdraw and amend its admissions in response to the Floreses' motion for summary judgment.

¶ 5. After hearing oral arguments on all of the motions, the circuit court issued a written decision, dated August 22, 2012, in which it granted Goeman's motion for summary judgment and denied the Floreses' partial motion for summary judgment. The circuit court concluded that the CBA at issue did not contain an express agreement for indemnification by the City, thereby barring the Floreses' lawsuit pursuant to the exclusive remedy provision of Wis. Stat. § 102.03(2). Accordingly, the Floreses' motion for partial summary judgment was denied and the City's motion to withdraw its deemed admissions was denied as moot. This appeal follows.

## DISCUSSION

### Relevant Law.

¶ 6. We review *de novo* the grant or denial of summary judgment, employing the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Summary judgment is proper when there are no genuine issues of

material fact and one party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). In deciding if genuine issues of material fact exist, we draw all reasonable inferences in favor of the nonmoving party. *Metropolitan Ventures, LLC v. GEA Assocs.*, 2006 WI 71, ¶ 20, 291 Wis. 2d 393, 717 N.W.2d 58.

¶ 7. Here, it is undisputed that Flores and Goeman were acting within the scope of their employment and were operating police cars owned by the City of Milwaukee. The issue on appeal is whether the Floreses are entitled to recover from Goeman under the coemployee exception of Wis. Stat. § 102.03(2) despite Flores's receipt of worker's compensation payments. We must therefore examine the relevant law and the relevant sections of the CBA at issue.

¶ 8. The application of a statute to a set of facts presents a question of law. *Maxey v. Redevelopment Auth. of City of Racine*, 120 Wis. 2d 13, 18, 353 N.W.2d 812 (Ct. App. 1984). Wisconsin Stat. § 102.03(2) provides:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employee to bring action against any coemployee for an assault intended to cause bodily harm, or against a coemployee for negligent operation of a motor vehicle not owned or leased by the employer, or against a coemployee of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employees under a collective bargaining agreement or a local ordinance.

Section 102.03(2), therefore, bars common-law recovery for damages caused by a negligent coemployee except

under the three exceptions to its exclusive remedy provision described in the statute. In examining the purpose behind coemployee immunity, this court has explained: "Injuries caused by a negligent coemployee are everyday occurrences. Such injuries are directly related to the employment, and pursuant to the stated purpose or objective of the Worker's Compensation Act, the costs should be passed on to the consuming public." *See Oliver v. Travelers Ins. Co.*, 103 Wis. 2d 644, 648, 309 N.W.2d 383 (Ct. App. 1981). Because of the strong policy concerns that underlie the rule of coemployee immunity, we construe exceptions to that statutory rule narrowly. *Belleville State Bank v. Steele*, 117 Wis. 2d 563, 570, 345 N.W.2d 405 (1984) ("When a statute is ambiguous, the legislature is presumed to have intended an interpretation that advances the purposes of the statute."). This appeal involves the application of only the third exception to worker's compensation as the exclusive remedy for injury by a coemployee. The third exception applies when a municipality has undertaken liability for indemnification of coemployee lawsuits through the passage of a local ordinance or through a provision in a collective bargaining agreement.

¶ 9. The Floreses contend that in accordance with the statute, their compensation was not exclusively limited to worker's compensation because the statute does not limit the right of an employee to bring action against a coemployee "to the extent that there would be liability of a governmental unit to pay judgments against employees under a collective bargaining agreement or a local ordinance." *See* Wis. Stat. § 102.03(2). The collective bargaining agreement between Goeman and the Milwaukee Police Association, the Floreses contend, requires the City to pay for both a personal injury judg-

ment against Goeman for actions as an employee and for worker's compensation benefits. We disagree.

## The Agreement.

¶ 10. It is undisputed that the CBA at issue does not contain an express provision by which the City waived its right to immunity under WIS. STAT. § 102.03(2) or expressly agreed to indemnify its officers for all judgments rendered against them. Rather, the Floreses contend that the CBA, by way of two provisions, incorporated state laws which expressly create an indemnification agreement.

¶ 11. The interpretation of a collective bargaining agreement presents a question of law that we review *de novo. See Milwaukee Police Ass'n v. Hegerty*, 2005 WI 28, ¶ 11, 279 Wis. 2d 150, 693 N.W.2d 738. The Floreses contend that the preamble to the CBA "subordinates the CBA to and incorporates therein any state statutes and City Charter provisions or ordinances that identify duties, obligations, or responsibilities of an agency or department of the City of Milwaukee government." The preamble, as relevant, provides:

> It is intended by the provisions of this Agreement that there be no abrogation of the duties, obligations, or responsibilities of any agency or department of City government which is now *expressly provided for* respectively either by: State Statute and Charter Ordinances of the City of Milwaukee except as expressly limited herein.

(Emphasis added.) The Floreses also cite to Section IV of the CBA, which provides:

> In the event that the provisions of this Agreement or application of this Agreement conflicts with the

legislative authority which devolves upon the Common Council of the City of Milwaukee as more fully set forth in the provisions of the Milwaukee City Charter, Section 62.50, Wisconsin Statutes, 1977, and amendments thereto, pertaining to the power, functions, duties and responsibilities of the Chief of Police and the Board of Fire and Police Commissioners or the Municipal Budget Law, Chapter 65, Wisconsin Statutes, 1971, or other applicable laws or statutes, this Agreement shall be subject to such provisions.

¶ 12. The Floreses rely on these two provisions to argue that the CBA incorporates WIS. STAT. § 895.46(1)(a) and MILWAUKEE CITY CHARTER § 3–23 (MCC), both of which, according to the Floreses, obligate the City to indemnify Goeman under the CBA for judgments against him arising out of his actions as a City employee, thus waiving the City's coemployee immunity. Section 895.46(1)(a) provides as relevant:

**State and political subdivisions thereof to pay judgments taken against officers.** **(1)**(a) If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee, except as provided in s. 146.89(4), in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee. Agents of any department of the state shall be covered by this section while acting within the scope of their agency . . . .

Section 3–23 provides:

**Liability When Sued in Official Capacity**. No officer of any city, no matter how organized, shall be required to file an undertaking, or any other bond required on appeal in any court when such party has been sued in his official capacity, except in actions of quo warranto or any other kind of action involving directly the title to his office, nor shall any city officer be liable for any costs or damages, but costs or damages, if any, shall be awarded against the city.

¶ 13. In essence, the Floreses argue that the City has a legal obligation to indemnify Goeman pursuant to WIS. STAT. § 895.46(1)(a) and MCC § 3–23 and that the obligation is incorporated into the CBA, thereby triggering the coemployee exception of WIS. STAT. § 102.03(2) and waiving the City's worker's compensation coemployee immunity. We disagree.

### WISCONSIN STAT. § 895.46(1)(a) and MCC § 3–23.

██

¶ 14. Neither WIS. STAT. § 895.46(1)(a) nor MCC § 3–23 support the Floreses' arguments. While § 895.46(1)(a) requires governments to pay judgments taken against their officers and employees for liability incurred though the performance of their official duties, the statute is not encompassed within the language of WIS. STAT. § 102.03(2). Section 895.46(1)(a) makes no reference to coemployee liability or actions. Moreover, the legislative history of § 102.03(2) establishes that a local government's indemnity obligations pursuant to § 895.46(1)(a) are separate from the coemployee exception.

¶ 15. "Prior to 1978, WIS. STAT. § 102.03(2) did not preclude suits against co[]employees. Rather, the section only precluded employees from suing their employer or worker's compensation carrier." *Keller v.*

*Kraft*, 2003 WI App 212, ¶ 9, 267 Wis. 2d 444, 671 N.W.2d 361 (*Keller I*). In 1978, the statute was amended to read as follows:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm, or against a coemploye for negligent operation of a motor vehicle not owned or leased by the employer, or against a coemploye of the same employer to the extent that there would be liability of a government unit to pay judgments against employes *under s.895.46,* a collective bargaining agreement, or a local ordinance.

*See* 1977 Wis. Laws, ch. 195, § 2 (emphasis added). The statute had an effective date of January 1, 1978. However, the statute was quickly amended to delete the indemnification of WIS. STAT. § 895.46 from the coemployee exception. *See* 1977 Wis. Laws, ch. 418, § 583w. The effective date of the amendment was May 18, 1978. Therefore, the coemployee exception of § 102.03(2) specifically eliminated a local government unit's obligation to pay judgments under § 895.46. To conclude otherwise now would contradict the legislature's specific intent in amending § 102.03(2) in 1978. Such an interpretation would undermine the fundamental premise of the legislature: worker's compensation for injuries without regard to fault in exchange for avoiding fault-based coemployee litigation and unpredictable damages. Such an interpretation, as the Floreses seek, would also require us to ignore § 102.03(2), which we cannot do. *See Liberty*

464

*Grove Town Bd. v. Door Cnty. Bd. of Supervisors*, 2005 WI App 166, ¶ 14, 284 Wis. 2d 814, 702 N.W.2d 33 ("Statutes should be interpreted so that no provision is rendered meaningless.").

■

¶ 16. Likewise, MCC § 3–23 does not waive the exclusive remedy provision. In *Keller v. Kraft*, 2005 WI App 102, 281 Wis. 2d 784, 698 N.W.2d 843 (*Keller II*), we held that § 3–23 is not a local ordinance for the purposes of invoking WIS. STAT. § 102.03(2)'s coemployee exception. *See Keller II*, 281 Wis. 2d 784, ¶ 5. We noted that:

> Section 3–23 was enacted by the Wisconsin Legislature as sec. 925–269m in 1913. It was then reprinted in the three-ring binder that includes the Milwaukee City Charter because it is a state law that affects city government. It was issued number 3–23 as part of the numbering and reorganization of the Charter. Since first printing, section 3–23 has always been identified as a session law, as are the many other session laws also contained in the Milwaukee City Charter.
>
> It has never been voted on by the Milwaukee Common Council. It has never been "entered or recorded in any ordinance or record book," pursuant to WIS. STAT. § 889.04 . . . .
>
> Further, section 3–23 is not contained in the three-volume set published as the "Milwaukee Code of Ordinances." Rather, it is contained in a single three-ring binder, titled the "Milwaukee City Charter." Within that binder, the prefatory remarks note that the Charter contains session laws, and section 3–23 is denominated as such in a parenthetical that follows the individual section itself.

*Keller II*, 281 Wis. 2d 784, ¶¶ 7–9 (footnotes omitted).

¶ 17. We held that because MCC § 3–23 was a session law, it was not a local ordinance that triggered the application of the coemployee exception in WIS. STAT. § 102.03(2). *See Keller II*, 281 Wis. 2d 784, ¶ 11. Per an affidavit from the City Clerk of Milwaukee, § 3–23 remains in the same form as it existed when we issued our decision in *Keller II*. Moreover, like WIS. STAT. § 895.46, the language of § 3–23 does not address coemployee indemnification. Therefore, § 3–23 neither triggers the coemployee exception nor triggers a conflict between the CBA and the Milwaukee City Charter because it is not a local ordinance that addresses coemployee indemnification.

## CONCLUSION

¶ 18. The CBA's incorporation of WIS. STAT. § 895.46 and MCC § 3–23 does not require the City to indemnify Goeman. Neither the statute, nor the session law is encompassed in the coemployee exception in WIS. STAT. § 102.03(2). Accordingly, the Floreses' exclusive remedy was worker's compensation. Because the Floreses' lawsuit was barred by the exclusive remedy provision, the circuit court appropriately denied their other motions.

*By the Court.*—Judgment affirmed.

¶ 19. FINE, J. (*dissenting*). In my view, the clear language of the material laws and the collective bargaining agreement requires that we reverse. Accordingly, I respectfully dissent.

¶ 20. There is no doubt but that John Goeman's negligence injured Gregory Flores while they were both doing official police duties. As material, WIS. STAT. § 895.46(1)(a) provides:

> If the defendant in any action ... is a public officer or
> employee and ... is proceeded against as an individual

because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee . . . shall be paid by the state or political subdivision of which the defendant is an officer or employee.

WISCONSIN STAT. § 102.03(2) is similar, and expressly covers the situation we have here:

This section does not limit the right of an employee to bring action against any . . . coemployee of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employees under a collective bargaining agreement or a local ordinance.

The collective bargaining agreement here expressly recognizes that the City's responsibility under § 895.46(1)(a) survives and thus incorporates that provision as completely as it would have had it repeated the statute's words. Indeed, any labor or other agreement would be expanded to unmanageable length if *every* statute that the parties sought to adopt had to be set out *in haec verba,* and a scrivener's error that mistakenly omitted one of many might, down the road, be falsely taken as evidence that the parties intended to not adopt that provision when, in fact, they agreed to the contrary. The parties' collective bargaining agreement therefore governs. The collective bargaining agreement says:

It is intended by the provisions of this Agreement that there be *no abrogation* of the duties, obligations, or responsibilities of any agency or department of City government which is now *expressly provided for* respec-

467

tively either by: State Statute and Charter Ordinances of the City of Milwaukee except as expressly limited herein.

(Emphasis added.) Nothing can be more "expressly provided for" than the commands in §§ 895.46(1)(a) and 102.03(2). Thus, the exception to co-employee immunity in § 102.03(2) applies.

¶ 21. We have been recently reminded that "courts are not free to ignore the words or phrases chosen by the legislature." *Bostco LLC v. Milwaukee Metropolitan Sewerage District*, 2013 WI 78, ¶ 55, ___ Wis. 2d ___, ___, 835 N.W.2d 160, 178. With all respect, the Majority's opinion does precisely that. *See Justmann v. Portage County*, 2005 WI App 9, ¶ 10, 278 Wis. 2d 487, 495, 692 N.W.2d 273, 277 (Ct. App. 2004) ("[W]e may not view its legislative history to contradict or vary our interpretation of the statute's plain meaning."). Accordingly, I respectfully dissent.